IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACY R. MAXEY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:23-CV-1442-K-BH |
| | ) | |
| MARK PENELY, | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form)*, filed June 29, 2023 (doc. 4), should be **DENIED**, and the case should be dismissed for failure to prosecute or comply with court orders.

## I. BACKGROUND

On June 30, 2023, the former federal prisoner plaintiff filed this action against the former federal prosecutor involved in his prosecution. (*See* doc. 3.) He also sought leave to proceed *in forma pauperis* (IFP). (*See* doc. 4.) By *Notice of Deficiency and Order* dated July 10, 2023, he was notified that if he had intended to file a civil rights lawsuit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), he had not filed his complaint on the proper form. (*See* doc. 9.) He was also notified that his IFP application did not provide enough information for determination of whether IFP status was appropriate because it had not been fully and properly completed; he did not answer the question about how much cash he had and appeared to indicate that he received almost $57,000 per month in child support. (*See id.*) He was ordered to file an amended complaint on the enclosed form and a properly completed and signed IFP application within fourteen days, and he was specifically advised that a failure to do so could result

_____

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

in the dismissal of the case for failure to prosecute or comply with court orders.  (*See id.*)

More than fourteen days from the date of the notice of deficiency and order have passed, but the plaintiff has not filed an amended complaint or submitted a properly completed and signed IFP application, and he has not since filed anything else in this case.

## II.  IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship."  *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory."  *Id.*

Here, the plaintiff has not submitted a properly completed and signed IFP application as ordered.  His current application appears to indicate that he received almost $57,000 per month in child support.  He has therefore not shown that he will suffer undue financial hardship after payment of the $402.00 filing fee for this lawsuit, and his IFP motion should be denied.

## III.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff failed to comply with an order to file an amended complaint and a properly completed and signed

2

IFP application, despite a warning that failure to do so could result in dismissal of the case.  He has not filed anything else in the case since the order was issued.  Because the plaintiff failed to follow court orders or otherwise show that he intends to proceed with this case, it should be dismissed.

## IV.  RECOMMENDATION

The plaintiff's IFP motion should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless he files an amended complaint and a properly completed and signed IFP application within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 2nd day of August, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE